S. CUPPLES SCUDDER, EXECUTOR, ESTATE OF CLIFTON R. SCUDDER, SR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33075. Promulgated April 27, 1931.

*Joseph Renard, Esq.*, for the petitioner.
*O. J. Tall, Esq.*, for the respondent.

1296

OPINION.

MARQUETTE: The facts are not in dispute. Petitioner contends that the amounts paid in 1923 by the decedent Scudder, and representing legal fees and expenses pertaining to the litigation detailed in the findings, were business expenses properly to be deducted from gross income. Respondent contends that they were capital expenditures representing a part of the cost to Scudder of $53\frac{1}{3}$ shares of stock of the Cupples Envelope Company.

The facts show that the expenditures in question were in defending a suit brought against Scudder, together with Hamilton and Rogers, to have declared void a transfer to him by these two parties of 160

shares of stock. These particular shares were held in trust under an agreement whereby the Samuel Cupples estate had an option to purchase them under certain conditions. This estate was obligated in turn if it exercised this option, to sell one-third or $53\frac{1}{3}$ shares to Scudder. However, Scudder needed more than the $53\frac{1}{3}$ shares to give him control of the company and so undertook to obtain all of these 160 shares direct from Hamilton and Rogers.

Scudder was unsuccessful in his defense of this litigation, the court voiding the transfer and holding further, as to Hamilton and Rogers, that their attempt to sell the stock was a breach of the contract under which the stock was held in trust and that this gave the right to the Cupples estate to exercise its option and acquire the stock.

We can not see that Scudder, by provoking this litigation and incurring the attendant expense in defending it, acquired anything. His attempted acquisition of 160 shares of stock from Hamilton and Rogers, and by that the control of the corporation, was unsuccessful and it was in this unsuccessful attempt that the amounts in question were expended. It is true that as a result of the court's decision in respect to Hamilton and Rogers, that their action in attempting to dispose of the stock gave the Cupples estate the right to exercise its option to repurchase it, Scudder ultimately obtained the right to purchase from the estate $53\frac{1}{3}$ of the 160 shares in question, but this was a right accruing to him under his contract with Samuel Cupples and it does not appear that the validity of this contract was in issue in the litigation. It is true that the court recognized in its decree the obligation of the Cupples estate, in the event it exercized the option and reacquired the Hamilton and Rogers stock, to sell one-third of it to Scudder, but it is not indicated that such obligation was denied by the trustees of the estate. On the other hand, these trustees had recognized this obligation in each case of stock reacquired from other employees and had delivered one-third of it to Scudder.

On the facts we can not conclude that the expenditure in question was an item of the cost to Scudder of the $53\frac{1}{3}$ shares of stock ultimately acquired by him. On the other hand, it is clear that it was incurred in an unsuccessful effort to defend the validity of a contract through which Scudder would have succeeded in securing $106\frac{2}{3}$ additional shares of Hamilton and Rogers stock, thereby gaining control of the corporation. Stated in another and shorter way, the expenditure was made in an attempt to acquire $106\frac{2}{3}$ shares of the Hamilton and Rogers stock.

Both the petitioner and the respondent cite and rely upon the case of *Laemmle* v. *Eisner*, 275 Fed. 504, as supporting their respec-

tive contentions. We are of opinion that neither contention is wholly correct. The expenditure in question was made in maintaining litigation which if favorable to the petitioner would have resulted in the acquisition by him of a capital asset, and in that event it would have been a part of the cost of that asset. *Laemmle* v. *Eisner, supra; Charles P. Hewes*, 2 B. T. A. 1279; *Phoenix Development Co.*, 13 B. T. A. 414. But the litigation and the attendant expenditure did not result in the acquisition of any asset. The expenditure was, however, capital in its nature, even though futile, and must be considered as having become a loss in the year in which it was made. In this view of the transaction we think that the petitioner, in computing his net income for the year 1923, is entitled to deduct the amount of the attorney's fees and expenses paid in connection with said litigation.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*